UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES BROOKS, *et al.*, | Case No. 2:18-cv-01937-MMD-GWF |
| Plaintiffs, | ORDER |
| v. | |
| BRISTOL-MYERS SQUIBB COMPANY, a Delaware Corporation, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

This is a products liability case about the prescription drug Abilify, used to treat depression, bipolar I disorder, and schizophrenia. Before the Court is Defendants Bristol-Myers Squibb Company ("BMS") and Otsuka America Pharmaceutical, Inc.'s ("OAPI") (collectively, "Corporate Defendants") Motion to Stay ("Motion").[1] (ECF No. 9.) The Court has reviewed Plaintiffs James Brooks, Leander Raphael, Nathan Wielandt, David Brizzi, Marissa Katz; and April Ruiz's response (ECF No. 23) and Corporate Defendants' reply (ECF No. 25). For the following reasons, the Court grants Corporate Defendants' Motion.

///

///

///

---

[1] Plaintiffs filed a motion to remand ("Remand Motion) about a week later. (ECF No. 12.)

## II. BACKGROUND

Plaintiffs filed the Complaint in the Eighth Judicial District Court for the State of Nevada on August 16, 2018. (ECF No. 1-2 at 5.) BMS removed based on diversity jurisdiction on October 9, 2018, on the grounds that Plaintiffs fraudulently joined the only in-state and non-diverse sales representative defendants, Carrie Stiles and Cindy Pierce. (ECF No. 1.)

The Judicial Panel on Multidistrict Litigation ("Panel") created the Abilify multidistrict litigation ("MDL") in October 2016, consolidating before Chief Judge M. Casey Rodgers of the Northern District of Florida cases nationwide that "share common factual questions arising out of allegations that Abilify (aripiprazole), an atypical anti-psychotic medication commonly prescribed to treat a variety of mental disorders, can cause impulse control problems in users" and "involve factual questions relating to whether Abilify was defectively designed or manufactured, whether defendants knew or should have known of the alleged propensity of Abilify to cause compulsive gambling behaviors in users, and whether defendants provided adequate instructions and warnings with this product." *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, 232 F. Supp. 3d 1342, 1342–43 (J.P.M.L. 2016).

On October 11, 2018, the Panel ordered that this case be transferred conditionally to the MDL, finding that it "involve[s] questions of fact that are common to the actions previously transferred to the Northern District of Florida." Conditional Transfer Order (CTO-26), ECF No. 258, *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, MDL No. 2734 (J.P.M.L. Oct. 11, 2018). Plaintiffs have moved to vacate the conditional transfer order. (ECF No. 23 at 5; *see also* ECF No. 23-2.) That motion will be heard at the Panel's next hearing session scheduled for January 31, 2019. (ECF No. 23 at 5.)

These same Plaintiffs' counsel have filed one other case in Nevada state court naming the same Defendants here, including the same two sales representative defendants, Stiles and Pierce. *See Johnson v. Bristol-Myers Squibb Co.*, 3:18-cv-00143-MMD ("*Johnson Nev*") (N.D. Fla. Case No. 3:18-cv-01612-MCR-GRJ ("*Johnson*")). As in

///

1  this case, the complaint in *Johnson* copies the allegations of the MDL complaint.[2]
2  Defendants removed *Johnson* to this Court (*Johnson Nev*, ECF No. 1), and it was then
3  transferred to the MDL (*id.,* ECF No. 40). The plaintiffs in *Johnson* filed a renewed motion
4  to remand, but subsequently withdrew that motion. (ECF No. 23 at 9; ECF No. 25-2.)

**III.   LEGAL STANDARD**

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

**III.   DISCUSSION**

Corporate Defendants argue that the Court should stay all proceedings pending transfer of this action to the MDL. The Court agrees with Corporate Defendants and will grant the requested temporary stay.

A stay will promote efficiency and judicial economy. As Corporate Defendants point out, there are nearly twenty other active cases in the MDL filed on behalf of Nevada

///

---

[2] Corporate Defendants attached a comparison of the MDL complaint with Plaintiffs' Complaint here to demonstrate that the allegations are similar except for the addition of certain sales representative defendants and the addition of five paragraphs. (ECF No. 9 at 4; ECF No. 9-2.)

residents with claims virtually identical to this case. (ECF No. 9 at 6.) The MDL court has managed the MDL proceedings and is familiar with the discovery issues in these cases. (*Id.*) Plaintiffs respond that the issues raised in their Remand Motion—whether Plaintiffs can state a claim against the sales representative defendants under Nevada law and avoid a fraudulent joinder finding—have not been raised in any other case pending before the MDL after withdrawal of the renewed motion to remand in *Johnson*. (ECF No. 23 at 9.) *Johnson* presents the same issue of fraudulent joinder of the two Nevada sales representative defendants Stiles and Pierce. (ECF No. 25-2 at 2.) And in that case, the MDL court construed the plaintiffs' withdrawal of their renewed motion to remand as plaintiffs "necessarily conce[ding] that the Court has subject matter jurisdiction over this case, which means the non-diverse defendants were improperly joined and must be dismissed." (ECF No. 25-2 at 2–3.) Thus, contrary to Plaintiffs' contention, the same issue of fraudulent joinder was raised in *Johnson* and resolved by the MDL court, who is familiar with the arguments Plaintiffs present with respect to remand. Moreover, between this Court and the MDL court, the MDL court would be more familiar with the allegations in the Complaint which are similar to the complaint in the MDL.

A balance of equity further compels the granting of a temporary stay. Corporate Defendants argue that they will suffer hardship and inequity in the absence of a stay because they will be forced to engage in duplicative litigation, particularly since the MDL court has addressed the issue of fraudulent joinder of Defendants Stiles and Pierce. (ECF No. 25 at 6.) Here too the Court agrees with Corporate Defendants that they will suffer prejudice in the absence of a temporary stay. Any potential hardship or prejudice to Plaintiffs will be minimal despite the age and infirmity of one of the Plaintiffs[3] in light of the brief duration of the stay until the Panel determines whether to transfer this case to the MDL. (ECF No. 9 at 7.) Plaintiffs insist that there would be a delay of several months or even years before their Remand Motion would be decided if this case was transferred to

///

---

[3]Plaintiff James Brooks is 70 years old and has been diagnosed with Bipolar disorder. (ECF No. 23 at 17.)

4

the MDL. (ECF No. 23 at 15.) Corporate Defendants counter that the MDL court holds monthly case management conferences where it hears ripe motions. (ECF No. 25 at 2.) The Court is unconvinced that the MDL court would take years to address Plaintiffs' Remand Motion or that the delay before the MDL court would be less than the delay before this Court, particularly given this Court's caseload.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Corporate Defendants' motion to stay (ECF No. 9) is granted. This case will be stayed pending the transfer to the MDL.

DATED THIS 4th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE